UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.A. DARLING,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. POWELL,<br><br>   Defendant. | No. 2:17-cv-1723-KJM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff removed this action from the Superior Court of the State of California in and for the County of Placer.[1] ECF No. 1. For the reasons stated below, this case must be remanded.

As a threshold matter, plaintiff cannot remove her own action. The notice of removal and appended documents reflect that plaintiff initiated the state court action, which involves child custody, child support, and a domestic violence restraining order, against her ex-husband. The relevant removal statute permits a defendant, not a plaintiff, to remove an action to federal court. *See* 28 U.S.C. § 1446(a) (allowing a "defendant or defendants" to remove a civil action from state court).[2]

---

[1] Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 3. However, in light of the lack of subject matter jurisdiction, plaintiff's request to proceed *in forma pauperis* will be rendered moot by a remand of the case to state court.

[2] Furthermore, the notice of removal indicates that the state court proceedings plaintiff seeks to remove have already concluded. *See* ECF No. 1 at 117-164 (final orders resolving the

1

| | More significantly, the court lacks subject matter jurisdiction over this action. This court |
|---|---|
| 1 | |
| 2 | has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of |
| 3 | subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal |
| 4 | jurisdiction is on the party seeking removal, and the removal statute is strictly construed against |
| 5 | removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). |
| 6 | "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first |
| 7 | instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). |

As noted, this case concerns a child custody dispute between plaintiff and her ex-husband. The domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (courts "traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife."). Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Placer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

/////

/////

---

parties dispute concerning child custody, child support, and a domestic violence restraining orders). To the extent plaintiff intended the "Notice of Removal" to serve as a new complaint challenging the state court orders, this court is without jurisdiction to entertain such an action. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 2, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE